## 70323. GUARDIAN NATIONAL INSURANCE COMPANY, LTD. v. SOUTHEASTERN MARITIME COMPANY.
(339 SE2d 598)

BEASLEY, Judge.

Northern Lime Company purchased a power shovel manufactured and shipped by Bucyrus-Erie Company. The shovel was broken into components and delivered to Georgia Ports Authority at Savannah and then loaded by crane onto a Farrell Lines vessel (M/V Austral Pilot) for carriage to South Africa. During the loading by the stevedore Southeastern Maritime Company, one box containing major operational components of the shovel had been lifted by crane approximately 8 feet in the air when the bottom collapsed and the contents crashed on the concrete dock. The costs of repair were $88,871.32 and suit for damages was brought against Bucyrus and Southeastern by Guardian National Insurance Company, Northern Lime's insurer, who was subrogated to its insured's interest. Bucyrus was alleged to be negligent in packing the machinery and using poor material in the box while Southeastern was alleged to be negligent in handling the box.

Southeastern brought a motion for partial summary judgment contending that under the "Carriage of Goods by Sea Act," 46 USCA § 1304 (5), damages were limited to $500 per package, and this was the maximum amount of its liability. After a hearing, the trial court granted Southeastern's motion and Guardian National appealed.

1. Plaintiff contends that COGSA does not apply because the in-

cident occurred prior to the time the goods were loaded on the ship. This issue was not raised before the trial court or this court. Moreover, plaintiff's complaint alleged the incident happened: "While defendant Southeastern Maritime Company was lifting said crate containing plaintiff's crowd machine assembly onto the vessel with a crane . . ." Plaintiff's argument is both untimely and non meritorious.

2. 46 USCA § 1304 (5)/COGSA § 4 (5) limits a carrier's liability to $500 per package unless the nature and value of the shipped goods is declared by the shipper and inserted in the bill of lading. Such terms were absent from the present bill of lading.

*Tessler Bros. (B. C.), Ltd. v. Italpacific Line*, 494 F2d 438 (9th Cir. 1974), a landmark case involving COGSA § 4 (5), set forth the precept that before the $500 limitation is applicable a shipper must be given a "fair opportunity" to choose between a higher or lower liability by paying a correspondingly greater or lesser charge. See *New York &c. R. Co. v. Nothnagle*, 346 U. S. 128, 135 (73 SC 986, 97 LE 1500) (1953); *Petition of Isbrandtsen Co.*, 201 F2d 281, 285 (2nd Cir. 1953).

Although the burden of proving "fair opportunity" to secure a higher valuation is initially on the carrier, *Tessler*, supra, held that: "the provisions in the bill of lading and COGSA are prima facie evidence of the opportunity to avoid the limitation" and it then becomes shipper's *burden* to prove the opportunity did not actually exist. At this point of application, the more recent decisions of the fifth and eleventh circuits tend to diverge from those of the ninth circuit.

The fifth circuit permits reference to COGSA in the "paramount clause" to establish "fair opportunity" and imposes on shipper the burden of showing a lack thereof. *Brown & Root v. M/V Peisander*, 648 F2d 415, 420 (5th Cir. 1981); *Wuerttembergische v. M/V Stuttgart Express*, 711 F2d 621, 622 (5th Cir. 1983). The ninth circuit requires repetition of the language of COGSA and more explicit offering of the opportunity to choose. *Pan Am. World Airways v. Cal. Stevedore & Ballast*, 559 F2d 1173 (9th Cir. 1977); *Komatsu, Ltd. v. States S. S. Co.*, 674 F2d 806, 809 (9th Cir. 1982); *Nemeth v. Gen. S. S. Corp.*, 694 F2d 609, 611 (9th Cir. 1982). *Nemeth,* found that an illegible recitation of COGSA § 4 (5) did not impart notice of a choice of liability and, absent notice, the bill of lading must contain a designated place for an excess value declaration. *Wuerttembergische* declined to follow *Nemeth* and adhered to the view that reference to COGSA is sufficient.

The trial court chose to follow the fifth and eleventh circuits rather than the more restrictive requirements imposed by the ninth. We agree. The language in the bill of lading while small is not illegible. Thus, it would meet even the stringent standard of *Nemeth*. Fur-

thermore, there is no sound reason to impose "truth in lending" type standards where as here the plaintiff was not a neophyte with regard to shipping by sea. It was not error to impose the $500 limitation of COGSA § 4 (5).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 25, 1985 —
REHEARING DENIED DECEMBER 19, 1985 —

*Fred S. Clark*, for appellant.
*Edwin D. Robb, Jr., Willis J. Richardson, Jr.*, for appellee.